IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTHONY ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:13-CV-1896 |
| | ) | |
| INDEX CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, Anthony Roberts, for his complaint against Defendant, Index Corporation ("Index"), states the following:

### I. Parties

1. Plaintiff, Anthony Roberts, is a resident of Hamilton County, Indiana.

2. Defendant, Index, is an incorporated business which does business in the State of Indiana and has places of business in Hamilton County, Indiana.

### II. Jurisdiction and Venue

3. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under the ADA, as allowed by 29 U.S.C. § 12101 *et seq.*

4. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Plaintiff's residence and Defendant's doing business in this District.

### III. Factual Allegations

5. On February 6, 2012 Plaintiff began working for Defendant on a full time basis.

6. Defendant hired Plaintiff as an Inside Customer Support Engineer.

7. As an Inside Customer Support Engineer, Plaintiff assisted customers with engineering issues over the phone.

8. Immediately upon being hired, Plaintiff informed Defendant that he had back issues which did not permit him to stand or sit for extended periods of time and that he would need assistance lifting over 50 pounds.

9. However, given that the position for which Plaintiff had been hired required him to assist customers over the phone, Plaintiff could stand or sit and perform this job without issue with a headset.

10. Additionally, lifting was not a requirement of an Inside Customer Support Engineer.

11. Starting in December 2012, Defendant began asking Plaintiff to make some trips to assist customers at their locations.

12. This was not part of Plaintiff's job description and was outside of his normal duties.

13. Plaintiff would travel by car to the customer sites.

14. Depending on how far Plaintiff had to travel, Plaintiff would need to stop and take breaks to stand to alleviate his back issues while driving to and from the customer's location.

15. If and when Plaintiff needed to lift something heavier than 50 pounds at a customer site, he would ask for assistance.

16. In January 2013, Index confronted Plaintiff why it took him more time than other employees to drive to and from a customer's location.

17. Plaintiff reminded Index that he had back issues which required him to stop and take a break to stand when required to drive on long trips.

18. Thereafter, Defendant demanded that Plaintiff attend a doctor's appointment set by Defendant to perform a full functional capacity examination.

19. Plaintiff requested that Defendant provide an ADA accommodation and/or the ADA accommodation paperwork.

20. Defendant told Plaintiff that it had no such paperwork.

21. Moreover, Defendant informed Plaintiff that he would not be provided accommodation paperwork until after he submitted to the full functional capacity assessment set up by Defendant.

22. As of February 7, 2013, the date of the examination, Defendant would not permit Plaintiff to work.

23. Thereafter, Defendant repeatedly requested that Mr. Roberts have his doctor provide information to Defendant regarding his condition and make an assessment as to whether Plaintiff could safely perform his job duties.

24. On February 28, 2013, the doctor of Plaintiff sent Defendant a note stating that Plaintiff could perform "light duty," but would require assistance lifting anything over 50 pounds.

25. Defendant still refused to allow Plaintiff to return to work.

26. On March 5, 2013 and March 13, 2013, Defendant again requested information from the physician of Plaintiff.

27. Finally, on April 13, 2013, Defendant terminated Plaintiff for failing to provide the medical information requested or attending the assessment.

28. On August 6, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination due to his actual or

perceived disability and retaliation for requesting an accommodation in violation of the Americans with Disability Act ("ADA").

29. On August 30, 2013, the EEOC issued a Dismissal and Notice of Rights with regard to the Charge of Plaintiff.

### Count I
### Violations of ADA, 42 U.S.C. § 12101 *et seq.*,

30. The refusal of Defendant to provide Plaintiff with an accommodation and/or the accommodation paperwork is a violation of the ADA.

31. Defendant refused to let Plaintiff return to work due to his disability.

32. Defendant refused to let Plaintiff return to work due to his perceived disability.

33. The refusal of Defendant to permit Plaintiff to return to work is a violation of the ADA.

34. The refusal of Defendant to permit Plaintiff to return to work was in retaliation for Plaintiff requesting an accommodation.

35. Defendant terminated Plaintiff due to his disability.

36. Defendant terminated Plaintiff due to his perceived disability.

37. Plaintiff has received disparate treatment as a result of his actual or perceived disability by the discriminatory conduct of Defendant.

38. Defendant terminated Plaintiff in retaliation for his request for an accommodation.

39. Defendant's acts and omissions in violation of the ADA were not made in good faith.

40. Plaintiff has been damaged by Defendants multiple violations of the ADA.

WHEREFORE, Plaintiff prays that the Court:

A.  Enter an order awarding all actual damages of Plaintiff including back pay with interest as permitted by the ADA.

B.  Grant any and all equitable relief available to Plaintiff.

C.  Restore Plaintiff to his position with Defendant.

D.  Enter an order awarding Plaintiff compensatory and punitive damages.

E.  Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

F.  Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### III.  Jury Demand

41.  Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY & ASSOCIATES

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Attorney for Plaintiff,
Anthony Roberts

Weldy & Associates
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
Fax: (317) 842-933
E-mail: weldy@weldylaw.com